UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Riber, S.A. and )
Riber, Inc., )
  )
   Plaintiffs, )
  )
        v. )
  )
Epir Technologies, Inc. )
  )
   Defendant. )

## COMPLAINT

Plaintiffs, Riber, S.A. and Riber, Inc., state as follows:

### PARTIES

1. Plaintiff Riber, S. A. is a French corporation with its principal place of business in Bezons, France.

2. Plaintiff Riber, Inc. is a Delaware corporation with its principal place of business in Metuchen, New Jersey, and is a wholly owned subsidiary of Riber, S.A.

3. Plaintiffs Riber, Inc. and Riber, S.A. (collectively "Riber") are world leaders in the industrial development of Molecular Beam Epitaxy ("MBE"), a crystal growth technique used for processing the base layers of semiconductor devices.

4. Defendant Epir Technologies, Inc. is an Illinois corporation with its principal place of business in Bolingbrook, Illinois, and is primarily engaged in the development of infrared imaging technology for the United States military. Bolingbrook is in the Northern District of Illinois, Eastern Division.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

6. Venue is proper in this judicial district under 28 U.S.C. §1391 (a), because Defendant is located in this district, and events giving rise to Plaintiffs' claims occurred in this district.

## FACTS

7. On or about March 15, 2010, Epir submitted a Purchase Order to Riber for an MBE system for $937,020. Exhibit A.

8. On March 17, 2010, Riber responded with a Sales Order (Exhibit B) specifying a payment schedule for the $937,020 along with an Invoice for the first payment (Exhibit C) and second payment (Exhibit D). Both Exhibit C and Exhibit D refer to conditions of sale printed on the "back side."

9. Riber began manufacturing the MBE system. The MBE system ordered by Epir was custom built by Riber to Epir's specifications.

10. The Purchase Order and Sales Order contain the entirety of the contract between Riber and Epir.

11. The Contract was not contingent on the occurrence of any outside event. Nonetheless, when Epir failed to make the first payment within the agreed-upon 30 days, Epir repeatedly represented that it would be able to make the payment upon receiving a promised $7.2 million payment from the United States Government under an "earmark" appropriation by Senator Dick Durbin.

2

12. Riber made a significant financial investment in Epir's MBE system, which has been fully manufactured and assembled.

13. To date, Epir has not made any of the agreed upon payments to Riber.

14. The market for MBE systems is limited and there are probably less than five companies or other organizations in the entire world that could employ the MBE system that was manufactured for Epir. French and U.S. government restrictions on the sale of military technology may also prohibit Riber from re-selling the Epir MBE system to companies and organizations based in certain countries. Thus, Riber's options for mitigating its damages are very limited. Nonetheless, Riber is attempting to sell the Epir system, or perhaps parts of the Epir system, to another organization, so far without success.

15. Epir's representations that payment would be forthcoming further affected Riber's ability to mitigate damages. Based on Epir's representations, and the previous good relationship between Riber and Epir, Riber completed the Epir MBE system even though Epir had failed to make the agreed upon installment payments.

## BREACH OF CONTRACT

16. Epir breached the Contract by failing to make payments to Riber, and Riber is entitled to the agreed upon purchase price of the system.

17. Riber's has been damaged by Epir's breach in the amount of the full contract price, $937,020, less the net recovery, if any, that is subsequently obtained via resale or reuse of the Epir MBE system or some portion of that system.

18. Additionally, under the Contract, Riber is entitled to recover all costs it incurs to collect the purchase price as well as 18% simple interest on all unpaid balances.

Wherefore, Plaintiffs Riber S.A. and Riber, Inc. respectfully requests that this Court enter a judgment in their favor for $937,020, less any net recovery obtained via resale, plus 18% simple interest on all unpaid balances and the costs, including attorney fees, that they incurred in pursuit of this claim.

Respectfully submitted,

/s/ Adam Goodman<br>Attorney for Plaintiff

Adam Goodman (#6229333)
Jessica Tovrov
Wesley Johnson
Goodman Law Offices, LLC
105 West Madison St., Suite 400
Chicago, IL 60602
Phone: (312) 238-9592
Fax:    (312) 264-2535
adam@thegoodmanlawoffices.com



# Purchase Order

**590 Territorial Dr., Unit B**
**Bolingbrook, IL  60440**
Phone # 630-771-0203
Fax # 630-771-0204

A/P email: accountspayable@epir.com

| Date | P.O. No. |
|---|---|
| 3/15/2010 | 031510-147 |

| Vendor | Ship To |
|---|---|
| Riber Inc.<br>15 Liberty Street<br>Metuchen, NJ 08840 | EPIR Technologies Inc.<br>590 Territorial Dr., Unit B<br>Bolingbrook, IL  60440 |

| Technical Questions | Terms | Quote No. |
|---|---|---|
| Jon Ellsworth | Net 30 | S/10/016A/US |

| Description | Catalog No | Qty | Rate | Amount |
|---|---|---|---|---|
| MBE 32 P MCT seven source ports / 1 x 3 -inch processing capability machine per quote number S/10/016a/US dated 3/12/10 by ben Giralico factory option | | 1 | 885,000.00 | 885,000.00 |
| 12KeV Rheed system including:power Supply, Cables,Gun,Zero clearance adapter flange, manufactured by Staib | | 1 | 22,000.00 | 22,000.00 |
| Rheed screen, window, and shutter | | 1 | 3,500.00 | 3,500.00 |
| MBE 32P cassette carrier with magnets and cassette for 3 inch wafers | | 1 | 9,520.00 | 9,520.00 |
| Increase system cable length from 8 meters to 11 meters | | 1 | 2,000.00 | 2,000.00 |
| Estimated shipping and handling | | 1 | 15,000.00 | 15,000.00 |

**Send Order Acknowledgement and Invoice to**
accountspayable@epir.com

**Total** $937,020.00



# Sales Order

**INNOVATIVE SOLUTIONS FOR SEMICONDUCTOR INDUSTRY — RIBER INC**
RIBER   ADDON   VG SEMICON

Sales Order Number: 3926

Riber, Inc.
15 Liberty Street
Metuchen, NJ 08840
Phone: 732-603-0680
Fax:    732-603-8611

Sales Order Date: Mar 17, 2010

Page: 1

Sold To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

Ship To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| E003 | 031510-147 | Ryan Benitez |

| Customer Contact | Shipping Method | Payment Terms |
|---|---|---|
| Siva Sivananthan | | Net 30 Days |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 1.00 | MBE32-EPIR2 | MBE32 P MCT 7 SOURCE PORT/1X3" PROCESSING CAPABILITY As per Quote# S/10/016a/US | 885000.00 | 885,000.00 |
| 1.00 | | 12KeV Rheed system including: Power Supply, Cables, Gun, 0 clearance adapter flange manuf. by Staib | 22,000.00 | 22,000.00 |
| 1.00 | | Rheed screen and shutter | 3,500.00 | 3,500.00 |
| 1.00 | | MBE32P Cassette carrier w/ magnets & cassette fo 3" wafers | 9,520.00 | 9,520.00 |
| 1.00 | | Increase system cable length from 8 to 11 meters | 2,000.00 | 2,000.00 |
| 1.00 | | *Estimated Shipping and Handling* | 15,000.00 | 15,000.00 |

Payment terms for the customer are as follow:

30% of the amount specified on the price summary page, is due and payable

| | |
|---|---|
| Subtotal | Continued |
| Sales Tax | Continued |
| Freight | Continued |
| | Continued |


EXHIBIT B

INNOVATIVE SOLUTIONS FOR SEMICONDUCTOR INDUSTRY  **RIBER inc**

RIBER   ADDON   VG SEMICON

# Sales Order

Sales Order Number:
3926

Sales Order Date:
Mar 17, 2010

Page:
2

Riber, Inc.
15 Liberty Street
Metuchen, NJ 08840
Phone: 732-603-0680
Fax:    732-603-8611

Sold To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

Ship To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| E003 | 031510-147 | Ryan Benitez |
| **Customer Contact** | **Shipping Method** | **Payment Terms** |
| Siva Sivananthan | | Net 30 Days |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| | | upon order, net 30 from invoice (276,606.00) | | |
| | | 35% of the amount specified on the price summary page, is due and payable upon order, net 90 from invoice ($322,707.00) | | |
| | | 25% of the amount specified on the price summary page, is due and payable upon delivery, net 30 from invoice ($230,505.00) | | |
| | | 10% of the amount specified on the price summary page, is due and payable after install. acceptance, net 30 days from invoice ($92,202.00) | | |
| | | Order is per Quote# S/10/016A/US | | |

|  |  |
|---|---|
| Subtotal | Continued |
| Sales Tax | Continued |
| Freight | Continued |
|  | Continued |

**RIBER inc**

RIBER ADDON VG SEMICON

INNOVATIVE SOLUTIONS FOR SEMICONDUCTOR INDUSTRY

# Sales Order

Sales Order Number:
3926

Sales Order Date:
Mar 17, 2010

Page:
3

Riber, Inc.
15 Liberty Street
Metuchen, NJ 08840
Phone: 732-603-0680
Fax: 732-603-8611

Sold To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL 60440

Ship To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL 60440

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| E003 | 031510-147 | Ryan Benitez |
| Customer Contact | Shipping Method | Payment Terms |
| Siva Sivananthan | | Net 30 Days |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| | | Attn: Dr. Sivananthan | | |

| | | | Subtotal | 937,020.00 |
|---|---|---|---|---|
| | | | Sales Tax | |
| | | | Freight | 0.00 |
| | | | | 937,020.00 |

# Invoice

**RIBER** INC
RIBER ADDON VG SEMICON

Riber, Inc.
15 Liberty Street
Metuchen, NJ 08840
Phone: 732-603-0680
Fax:     732-603-8611

Invoice Number: 5073
Invoice Date: Mar 17, 2010
Page: 1

Sold To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

Ship to:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| E003 | 031510-147 | Net 30 Days |

| Sales Rep ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
| 5986 | | | 4/16/10 |

| Quantity | Item | Description | Backorder Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| | | MBE32 P MCT 7 SOURCE PORT/1X3" PROCESSING CAPABILITY | | | |
| | | As per Quote# S/10/016a/US | | | |
| 1.00 | | 30% of the amount specified on the price summary page, is due and payable upon order, net 30 from invoice (276,606.00) | | 276,606.00 | 276,606.00 |
| | | Order is per Quote# S/10/016A/US | | | |
| | | Attn: Dr. Sivananthan | | | |

**PLEASE REMIT TO:**
Riber, Inc.
203 Norcross Ave.
Metuchen, NJ 08840

Subtotal         276,606.00
Sales Tax
Freight
**TOTAL**        276,606.00

Interest will be charged on all overdue accounts at 1-1/2 percent per month. Riber, Inc. will package product appropriately for delivery to the address shown and will assume no liability for any subsequent shipments of said products. SEE REVERSE SIDE FOR TERMS AND CONDITIONS.



EXHIBIT C

## CONDITIONS OF SALE

1. **Terms of Payment:** Payment shall be made in full within 30 days from date of invoice, unless otherwise specified. A monthly service charge of 1-1/2% will be added to balances extending beyond 30 days.

2. **Title:** Purchaser shall be liable for payment of purchase price of goods covered by this agreement as soon as they have been delivered to carrier. However, title to such goods shall remain with Seller until price specified has been paid.

3. **Delivery:** F.O.B. Origin. unless otherwise specified. All delivery and handling charges shall be paid for by **Purchaser**. This includes but is not limited to any international ship directs for FOC and expedited orders.

4. **Inspection at Factory:** Orders are accepted based on inspection and acceptance at Seller's facility. If Purchaser does not inspect the merchandise at Seller's plant, then Seller will furnish, on request, a report to purchaser that material was inspected and tested and was found to have met specifications.

5. **Shipment:** Shipment shall be made via carrier of Purchaser's choice. If no carrier is specified on the written order, seller reserves the rights to choose the carrier prepay & add. All shipment charges will be billed to the customer and applied to their invoice.

6. **Pricing:** Unless otherwise specified, this pricing is firm for sixty (60) days.

7. **Cancellation:** An order once placed and accepted by Seller can be cancelled **only** upon Seller's written agreement. This applies to but is not limited to parts that are custom or made specifically for a customer. Orders for standard parts will be reviewed by seller and determined whether a restocking fee needs to be applied. Restocking fees can be charged for production of equipment, delay in manufacturing, and any fees incurred.

8. **Returns:** Riber Inc. must be informed prior to any/all parts returned. Returns will not be accepted without a return authorization number. All standard parts are valid for return 60 days after receipt of parts. Parts cannot be used or removed from its original package, if so seller has the right to refuse acceptance of return. Custom made-to-order parts are non-refundable.

9. **Warranty:** Riber, Inc. warrants for a period of one year beginning at date of delivery, or as described below, that all components delivered by Riber, Inc. will be free of manufacturing defect in materials and workmanship. This warranty is predicated on door-to-door delivery in an air-ride van or the warranty is null and void. Riber, Inc. reserves the right to refuse shipment in a non-air-ride vehicle.

   Expendable items are exempt from this warranty, and are only warranted to be delivered in fully functional condition; these include, but are not limited to, gun and evaporator filaments, PBN crucibles, effusion cell assemblies, hearth and sublimator filaments, gauge heads, thermocouples, manipulator and substrate heater filaments.

   This warranty shall not apply to any items purchased from Riber, Inc. that have been repaired, altered or installed by anyone not authorized by Riber, Inc. in writing. The warranty shall not apply to any components subjected to misuse due to common negligence, adverse environmental conditions or accident, not to any components which are not operated in accordance with the printed instructions in the operation manual or good engineering practice. Time, materials, and expenses shall be billed to the Purchaser at the rates then in effect for non-contract Customers on any repairs or replacements not covered by this warranty.

   This warranty is given expressly in lieu of all warranties of merchantability, fitness for purpose, or other warranties, express or implied. Correction of nonconformities, in the manner and for the period of time provided above, shall constitute fulfillment of all liabilities of Riber, Inc. whether based on contract, negligence or otherwise with respect to or arising out of such system. The remedies set forth herein are exclusive and Riber, Inc. shall not be liable for special, indirect, or consequential damages.

10. **Delivery:** Seller will use every reasonable effort to effect shipment on or before the date indicated. Seller shall not be liable for delay in performance or inability to perform occasioned by any unforeseen conditions, including but not limited to strike, embargo, government regulation or inability to obtain materials. If performance by Seller is delayed by reason thereof, he shall notify Buyer, and time and performance shall be extended for the period of such contingency.

11. **Remedies of Purchaser:** The Purchaser may cancel an order if the Seller has materially breached this contract and any money paid to date will be reimbursed. The foregoing shall be the exclusive remedy of Purchaser to any breach of Seller.

12. **Remedies of Seller:** If the Purchaser fails to pay the price as it becomes due or wrongfully rejects acceptance of the merchandise hereunder or any part thereof, then the Seller shall have the right to recover. In addition to the purchase price of the said merchandise, all costs incurred by said Seller to collect the same, in addition to the foregoing and all other remedies which the Seller may have hereunder or by law, the Seller without notice (1) may bill and declare due and payable all undelivered products under this or any other contract with the Seller and/or (2) may defer shipment hereunder and under any other contract until such default, breach or repudiation is removed and/or (3) may cancel any delivered portion of this and/or any other contract in whole or in part (the Buyer remaining liable for damages).

13. **Ability of Seller to Perform:** Seller has the option to reject or cancel an order with no penalty if for any reason it becomes impractical or impossible to manufacture the ordered product.

14. **Acceptance Limited:** The sole method of acceptance shall be the affixing of an authorized signature to this contract. Any attempt to vary the terms of this writing shall be a nullity unless agreed to in writing by the Seller.

15. **Copying or Replicating Products:** The products sold are for customer's individual use and may not be copied or replicated. Purchaser shall be liable for all damages, including loss of anticipatory profits, incurred by Seller as a result of such conduct.

16. **Entire Agreement:** This contract contains the final and entire agreement between Seller and Purchaser and no understanding, representations, agreement, modifications, alterations or additions shall be effective unless in writing signed by Seller and Purchaser.

17. **New Jersey Law shall control this contract.**

RIBER, INC.

**RIBER** ADDON VG SEMICON

Riber, Inc.
15 Liberty Street
Metuchen, NJ 08840
Phone: 732-603-0680
Fax:     732-603-8611

# Invoice

Invoice Number:
5074

Invoice Date:
Mar 17, 2010

Page:
1

Sold To:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

Ship to:
EPIR, Ltd
590 Territorial Drive
Unit B
Bolingbrook, IL  60440

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| E003 | 031510-147 | Net 30 Days |

| Sales Rep ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
| 5986 | | | 4/16/10 |

| Quantity | Item | Description | Backorder Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| | | MBE32 P MCT 7 SOURCE PORT/1X3" PROCESSING CAPABILITY As per Quote# S/10/016a/US | | | |
| 1.00 | | 35% of the amount specified on the price summary page, is due and payable upon order, net 90 from invoice ($322,707.00) | | 322,707.00 | 322,707.00 |
| | | Order is per Quote# S/10/016A/US | | | |
| | | Attn: Dr. Sivananthan | | | |

**PLEASE REMIT TO:**
Riber, Inc.
203 Norcross Ave.
Metuchen, NJ 08840

| | |
|---|---|
| Subtotal | 322,707.00 |
| Sales Tax | |
| Freight | |
| **TOTAL** | 322,707.00 |

Interest will be charged on all overdue accounts at 1-1/2 percent per month.  Riber, Inc. will package product appropriately for delivery to the address shown and will assume no liability for any subsequent shipments of said products.  SEE REVERSE SIDE FOR TERMS AND CONDITIONS.



EXHIBIT D

CONDITIONS OF SALE

1. **Terms of Payment:** Payment shall be made in full within 30 days from date of invoice, unless otherwise specified. A monthly service charge of 1-1/2% will be added to balances extending beyond 30 days.

2. **Title:** Purchaser shall be liable for payment of purchase price of goods covered by this agreement as soon as they have been delivered to carrier. However, title to such goods shall remain with Seller until price specified has been paid.

3. **Delivery:** F.O.B. Origin. unless otherwise specified. All delivery and handling charges shall be paid for by **Purchaser**. This includes but is not limited to any international ship directs for FOC and expedited orders.

4. **Inspection at Factory:** Orders are accepted based on inspection and acceptance at Seller's facility. If Purchaser does not inspect the merchandise at Seller's plant, then Seller will furnish, on request, a report to purchaser that material was inspected and tested and was found to have met specifications.

5. **Shipment:** Shipment shall be made via carrier of Purchaser's choice. If no carrier is specified on the written order, seller reserves the rights to choose the carrier prepay & add. All shipment charges will be billed to the customer and applied to their invoice.

6. **Pricing:** Unless otherwise specified, this pricing is firm for sixty (60) days.

7. **Cancellation:** An order once placed and accepted by Seller can be cancelled **only** upon Seller's written agreement. This applies to but is not limited to parts that are custom or made specifically for a customer. Orders for standard parts will be reviewed by seller and determined whether a restocking fee needs to be applied. Restocking fees can be charged for production of equipment, delay in manufacturing, and any fees incurred.

8. **Returns:** Riber Inc. must be informed prior to any/all parts returned. Returns will not be accepted without a return authorization number. All standard parts are valid for return 60 days after receipt of parts. Parts cannot be used or removed from its original package, if so seller has the right to refuse acceptance of return. Custom made-to-order parts are non-refundable.

9. **Warranty:** Riber, Inc. warrants for a period of one year beginning at date of delivery, or as described below, that all components delivered by Riber, Inc. will be free of manufacturing defect in materials and workmanship. This warranty is predicated on door-to-door delivery in an air-ride van or the warranty is null and void. Riber, Inc. reserves the right to refuse shipment in a non-air-ride vehicle.

    Expendable items are exempt from this warranty, and are only warranted to be delivered in fully functional condition; these include, but are not limited to, gun and evaporator filaments, PBN crucibles, effusion cell assemblies, hearth and sublimator filaments, gauge heads, thermocouples, manipulator and substrate heater filaments.

    This warranty shall not apply to any items purchased from Riber, Inc. that have been repaired, altered or installed by anyone not authorized by Riber, Inc. in writing. The warranty shall not apply to any components subjected to misuse due to common negligence, adverse environmental conditions or accident, not to any components which are not operated in accordance with the printed instructions in the operation manual or good engineering practice. Time, materials, and expenses shall be billed to the Purchaser at the rates then in effect for non-contract Customers on any repairs or replacements not covered by this warranty.

    This warranty is given expressly in lieu of all warranties of merchantability, fitness for purpose, or other warranties, express or implied. Correction of nonconformities, in the manner and for the period of time provided above, shall constitute fulfillment of all liabilities of Riber, Inc. whether based on contract, negligence or otherwise with respect to or arising out of such system. The remedies set forth herein are exclusive and Riber, Inc. shall not be liable for special, indirect, or consequential damages.

10. **Delivery:** Seller will use every reasonable effort to effect shipment on or before the date indicated. Seller shall not be liable for delay in performance or inability to perform occasioned by any unforeseen conditions, including but not limited to strike, embargo, government regulation or inability to obtain materials. If performance by Seller is delayed by reason thereof, he shall notify Buyer, and time and performance shall be extended for the period of such contingency.

11. **Remedies of Purchaser:** The Purchaser may cancel an order if the Seller has materially breached this contract and any money paid to date will be reimbursed. The foregoing shall be the exclusive remedy of Purchaser to any breach of Seller.

12. **Remedies of Seller:** If the Purchaser fails to pay the price as it becomes due or wrongfully rejects acceptance of the merchandise hereunder or any part thereof, then the Seller shall have the right to recover. In addition to the purchase price of the said merchandise, all costs incurred by said Seller to collect the same, in addition to the foregoing and all other remedies which the Seller may have hereunder or by law, the Seller without notice (1) may bill and declare due and payable all undelivered products under this or any other contract with the Seller and/or (2) may defer shipment hereunder and under any other contract until such default, breach or repudiation is removed and/or (3) may cancel any delivered portion of this and/or any other contract in whole or in part (the Buyer remaining liable for damages).

13. **Ability of Seller to Perform:** Seller has the option to reject or cancel an order with no penalty if for any reason it becomes impractical or impossible to manufacture the ordered product.

14. **Acceptance Limited:** The sole method of acceptance shall be the affixing of an authorized signature to this contract. Any attempt to vary the terms of this writing shall be a nullity unless agreed to in writing by the Seller.

15. **Copying or Replicating Products:** The products sold are for customer's individual use and may not be copied or replicated. Purchaser shall be liable for all damages, including loss of anticipatory profits, incurred by Seller as a result of such conduct.

16. **Entire Agreement:** This contract contains the final and entire agreement between Seller and Purchaser and no understanding, representations, agreement, modifications, alterations or additions shall be effective unless in writing signed by Seller and Purchaser.

17. **New Jersey Law shall control this contract.**

RIBER, INC.